IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03030-RM-KLM

STACEE BARTA,

    Plaintiff,

v.

CENTURYLINK, as Sponsor and Administrator of the CenturyLink Employee Benefit Plan,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Opposed Motion to Strike Declaration of Kim Korn** [#17][1] (the "Motion"). Defendant filed a Response [#18] in opposition to the Motion, and Plaintiff filed a Reply [#21]. This lawsuit arises from a dispute regarding Plaintiff's entitlement to benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Compl.* [#1]. The parties have submitted the underlying Administrative Record [#13] for review. Plaintiff filed her Opening Brief [#15] with respect to this review, and Defendant filed a Response [#16]. Defendant attached to the Response [#16] the Declaration of Kim Korn (the "Declaration"), [#16-1] at 2-3, which in turn included two Attachments. [#16-1] at 4-16. Plaintiff does not object to the inclusion of Attachments 1 and 2 to the record for the Court's review.

---

[1] "[#17]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

In the Motion, Plaintiff argues that the Declaration is not part of the Administrative Record and therefore should be stricken from the Court's consideration. *Motion* [#17] at 1 (citing *Brown v. Hartford Life Ins. Co.*, 428 F. App'x 817 (10th Cir. 2011)). In *Brown v. Hartford Life Insurance Company*, also an ERISA review case, the plaintiff appealed a district court order denying his motion to supplement the administrative record with documents filed in social security proceedings. 428 F. App'x at 819. The plan administrator had not relied on the documents in question. *Id.* The Tenth Circuit Court of Appeals stated that they "have frequently, consistently, and unequivocally reiterated that, in reviewing a plan administrator's decision under the arbitrary and capricious standard, the federal courts are limited to the administrative record." *Id.* at 820 (quoting *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1157 (10th Cir. 2010)). After the plan administrator's decision to deny him disability benefits, the plaintiff filed an administrative appeal and supplemented the record at that time. 428 F. App'x at 820. The Tenth Circuit held that the district court correctly denied the plaintiff's motion to supplement the administrative record with materials pertaining to his eligibility for benefits. 428 F. App'x at 820.

In support of allowing the Declaration, Defendant primarily relies on *Murphy v. Deloitte & Touche Group Insurance Plan*, 619 F.3d 1151. *See Response* [#18] at 2-3. In *Murphy*, the Tenth Circuit stated:

> Although we have frequently used broad language to describe our restriction on extra-record discovery and supplementation, the breadth of that language can be misleading, at least to some degree. . . . Specifically, the broad language prohibiting extra-record discovery is potentially misleading in cases involving a dual role conflict of interests or procedural irregularities. . . . *Paul v. Hartford Life and Accident Ins. Co.*, No. 08-cv-00890, 2008 WL 2945607, *2 (D. Colo. July 28, 2008) (unreported) (compiling cases and concluding that

> "while it would not be proper to allow Plaintiff to conduct discovery directed to the factual merits of his claim, this Court will permit limited discovery related to the alleged conflict of interest in this case and to the policies and procedures used by [the administrator] to make its decision") . . . .

619 F.3d at 1159-61.

Here, it is clear that the Declaration does not pertain to Plaintiff's eligibility for benefits, which is rarely permitted. *See Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002). Instead, Plaintiff raised the following issue in its Opening Brief:

> More troubling is Defendant's use of . . . selectively produced vocational data. ERISA, and C.F.R. § 2560.503 require that Defendant produce all materials relied upon in making its decision. Here Defendant did not do so for obvious reasons; the vocational material it was referring to contradicted Defendant's stated analysis. . . . This serious procedural issue should be considered.

[#15] at 14. The Declaration was submitted by Defendant in support of its response to this issue. *Response* [#18] at 2-3. The Declaration offers an explanation of the vocational data included in the two Attachments, which pertains directly to the procedural issue raised by Plaintiff. The Tenth Circuit has "emphasize[d] that ERISA policy strongly disfavors expanding the record beyond that which was available to the plan administrator" and "[s]upplemental evidence should not be used to take a second bite at the apple, but only when necessary to enable the court to understand and evaluate the decision under review." *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303, 1309 (10th Cir. 2007). Such is the case here. The Declaration does not pertain to Plaintiff's eligibility for benefits, but rather addresses a purported procedural irregularity raised by Plaintiff. Allowing the Declaration may "enable the court to understand and evaluate the decision under review." *Id.* Thus, the Court finds that the Declaration should be permitted. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#17] is **DENIED**.

Dated:  January 22, 2015

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge